IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES R. O'BRYAN, JR., | ) | |
| | ) | 8:06CV446 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney fees under 42 U.S.C. § 406(b). Filing No. 30. The court entered judgment, as amended, in favor of the plaintiff and ordered the Commissioner of the Social Security Administration to calculate the benefits due and payable to the plaintiff. Filing Nos. 16, 17, 22, and 23. Thereafter, the court awarded attorney fees in the amount of $3,762.80 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Filing Nos. 26 and 33. Now before the court is plaintiff's motion for attorney fees under 42 U.S.C. § 406(b).

Counsel and the plaintiff entered into a fee agreement wherein counsel would receive 25 percent of the award of back benefits. Filing No. 31, Ex. A. On February 15, 2008, the Commissioner issued a notice of an award of back benefits in the amount of $101,561.00. Filing No. 31, Ex. B. Twenty-five thousand dollars of that amount was withheld for attorney fees. Counsel for the plaintiff requests payment of $16,000.00 in attorney fees pursuant to 42 U.S.C. § 406(b). Counsel agrees that if that amount is awarded, he will refund the smaller fee to the claimant.

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to

"protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotes omitted).  Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2006).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535 U.S. at 807.  However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25 percent of past-due benefits, is *per se* unreasonable.  See *id*.; 42 U.S.C. § 406(b)(1)(A).  If the contingency-fee agreement is at or below the 25 percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered.  *Gisbrecht*, 535 U.S. at 807.

District courts are tasked with the responsibility of conducting an "independent check" to ensure the fee award is reasonable.  *Id*.  A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved.  *Id*. at 808.  To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id*.; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee

2

would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Under the EAJA and 42 U.S.C. § 406(b), courts may award attorney fees to prevailing claimants and their attorneys. *Gisbrecht*, 535 U.S. at 796. A double recovery, however, is not permitted. When both awards are granted, the attorney must refund the lesser award to the client. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (quotations and ellipses omitted).

The court has carefully reviewed the fee agreement, Filing No. 31, Ex. A; the notice of award, Filing No. 31, Ex. B; the itemization of hours, Filing No. 31, Ex. C; the declaration of Thomas Krause, Filing No. 31, Ex. D; and the response by plaintiff acknowledging that he believes this fee request for $16,000.00 is reasonable, Filing No. 31, Ex. E. Counsel achieved a favorable result for plaintiff and bore the risk of no payment under the contingency-fee agreement had plaintiff not been successful. In accordance with *Gisbrecht*, the court concludes that plaintiff's counsel has met the burden of showing the reasonableness of the fees requested under 42 U.S.C. § 406(b). The court finds the requested fee is reasonable, and the requested amount is less than what 42 U.S.C. § 406(b) would permit. Additionally, plaintiff contracted to pay this amount and agrees that the fee is reasonable. The defendant has no particular objection to such an award, and only asks this court to refund the smaller amount to the plaintiff.

THEREFORE, IT IS ORDERED that:

1. Attorneys Gerald Stilmock and Thomas Krause are awarded $16,000.00 in attorneys fees pursuant to 42 U.S.C. § 406(b); and

2. Attorneys Gerald Stilmock and Thomas Krause are ordered to refund $3,762.80, the lesser amount, to the plaintiff in this case.

DATED this 14th day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge